CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 1 5 2013

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AHMAD ABDUL QAWIYY, ) | Civil Action No. 7:13-cv-00351 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| NANCY JOHNSON, et al., ) | By: | Hon. Jackson L. Kiser |
| Defendants. ) | | Senior United States District Judge |

Ahmad Abdul Qawiyy, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. §§ 1331 and 1343. Plaintiff names as defendants Nancy Johnson, the Kitchen Supervisor at Bland Correctional Center ("Bland"); Molly P. Thompson, the Food Service Director at Bland; and Paul J. Rice, the Assistant Warden at Bland. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the Complaint without prejudice as frivolous.

I.

Plaintiff has worked in Bland's kitchen for the past six years. He was temporarily suspended from working the kitchen when he was charged with knowingly preparing food to be stolen by other inmates, but he was exonerated and allowed to work in the kitchen. Instead of applying for a paid position, Plaintiff applied to and was accepted to a food service educational program that required him to volunteer in Bland's kitchen. Participants in the educational program had to work in the kitchen between 8:30 a.m. to 2:30 p.m. on Wednesdays and were prohibited from working more than 30 hours a week.

On Wednesday, April 24, 2013, Plaintiff voluntarily reported to the kitchen for work at 5:00 a.m. At 7:45 a.m., Johnson told Plaintiff to hand-peel, boil, and mix enough potatoes for the staff lunch, and Plaintiff explained that the task was already completed and that his shift ended in fifteen minutes because he already worked more than 30 hours. Johnson repeated her order, Plaintiff said he was leaving the kitchen at 8:00 a.m., and Johnson told Plaintiff he should not return for work if he left the kitchen at 8:00 a.m. Nonetheless, Plaintiff left the kitchen, and Johnson charged Plaintiff with refusing to work and discharged him from the educational program.

Plaintiff expects to be released from custody in October 2013, and he believes Johnson deliberately deprived him the opportunity to successfully complete the educational program before his release. Plaintiff concludes that Johnson's behavior violates the First, Eighth, and Thirteenth Amendments of the United States Constitution, and he requests damages, injunctive relief, and declaratory relief.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing

statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff first argues that Johnson violated the Thirteenth Amendment by making him work in the kitchen for longer than the educational program mandates. The Thirteenth Amendment permits the involuntary servitude of a prisoner, like Plaintiff, who was convicted of a crime, and thus, this claim pursues an indisputably meritless legal theory. See, e.g., Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963) (recognizing that compelling prison inmates to work does not contravene the Thirteenth Amendment). Plaintiff also argues that his termination from the educational program constitutes cruel and unusual punishment, in violation of the Eighth Amendment, but his termination cannot constitute a deprivation of a basic human need or the sadistic and malicious infliction of pain. See, e.g., Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991) (defining cruel and unusual punishment). Plaintiff further argues that Johnson violated the First Amendment's free speech protections by terminating him from the program for leaving at 8:00 a.m. and refusing to obey an order. Besides merely invoking the First Amendment, Plaintiff does not allege any facts describing conduct protected by the First Amendment, and conclusions are not entitled to an assumption of truth. See Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007) (internal quotation marks omitted) (noting a plaintiff's basis for relief requires more than labels and conclusions). Plaintiff has no federal right to participate in a prison educational program. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (stating no Eighth Amendment right to educational programs); Hernandez v. Johnston, 833 F.2d 1316 (9th Cir. 1987) (stating no due process right to educational programs). Consequently, Plaintiff cannot pursue a conclusory retaliation claim against Johnson. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (recognizing an inmate must present more than conclusory allegations of retaliation); Am. Civil Liberties Union v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993) ("Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation."). Furthermore, Plaintiff does not allege any facts about Thompson or Rice, and Plaintiff cannot proceed against them via respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978).

### III.

For the foregoing reasons, Plaintiff pursues indisputably meritless legal theories, and I dismiss the Complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTER**: This 15th day of August, 2013.

Senior United States District Judge